1  Mathew K. Higbee, Esq., SBN 241380
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8350
4  (714) 597-6559 facsimile
5  Email: mhigbee@higbeeassociates.com

6  Saba A. Basria, Esq., SBN 307594
7  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
8  Santa Ana, CA 92705
   (714) 617-8350
9  (714) 597-6559 facsimile
10 E-mail: sbasria@higbeeassociates.com

11
   *Attorneys for Plaintiff,*
12 ROBERT MILLER

13

14
                **UNITED STATES DISTRICT COURT**
15              **CENTRAL DISTRICT OF CALIFORNIA**

16

17   ROBERT MILLER,                    Case No. _____

18                      Plaintiff,
                                       **COMPLAINT FOR DAMAGES AND**
19   v.                                **INJUNCTIVE RELIEF**

20                                     **DEMAND FOR A JURY TRIAL**
     WARNER BROS.
21   ENTERTAINMENT, INC.; and DOES
     1 through 10 inclusive,
22

23                      Defendant.

24

25

26       Plaintiff, Robert Miller, alleges as follows:

27

28

                                      1

## JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant conducts business within the State of California, and Defendant caused injury to Plaintiff within the State of California.  *See* Cal. Civ. P. § 410.10.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.     Plaintiff Robert Miller ("Plaintiff" or "Miller") is an individual residing in the State of New York and is a professional photographer by trade.

6.     Defendant Warner Bros. Entertainment Inc. ("Defendant") is a California corporation with a principal place of business at: 4000 Warner Blvd., Burbank, CA 91522.

7.     On information and belief, Defendant owns and operates the website, http://www.tmz.com/ (the "Website").   A true and correct copy of the ICANN WHOIS registration information is attached hereto as Exhibit A.

8.     "TMZ is one of the most-cited entertainment news sources, utilized by national network and local newsgathering organizations across the country." See http://www.tmz.com/page/about/.

9.     Defendant posts content to its Website in order to attract user traffic and drive advertising revenue.

10.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

11.    For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and, insurers of Defendants named in this caption.

**FACTUAL ALLEGATIONS**

12.    Plaintiff Robert Miller is a professional photographer by trade.  Miller has licensed or sold his photographs to dozens of major media outlets such as The

New York Post, The New York Times, Rolling Stone Magazine, South China Morning Post, Agence France-Presse, Newsday, New York Daily News, Newsweek Magazine, People Magazine, The Associated Press, and USA Today.

13.     Miller is the sole author and rights holder to an original photograph of New York University Professor, Jose Angel Santana (the "Image").  A true and correct copy of the Image is attached hereto as Exhibit B.

14.     Miller registered the Image with the United States Copyright Office under registration number VA 2-083-406.

15.     Plaintiff's Image originally appeared in an article by The New York Post ("Post") titled *Professor claims NYU fired him after he gave James Franco a 'D'* ("Post Article") published on December 19, 2011.  A true and correct copy of the Post Article is attached hereto as Exhibit C.

16.     The Post Article included an attribution to Miller on the bottom left corner of the photograph.  *See* Exhibit C.

17.     On or about January 22, 2018, Miller discovered the Image being used on Defendant's Website in an article titled *James Franco NYU Prof Can't Sue Me for Saying He Sucks* (the "Infringing Article") posted on March 2, 2013, excluding the attribution given to Miller A true and correct screenshot of the Infringing Article is attached hereto as Exhibit D.

18.     Plaintiff never authorized Defendant to use the Image in any manner.

19.     On information and belief, Defendant knew that it did not have

4

permission to use the Image on Defendant's Website and willfully infringed Miller's Image.

20.    On information and belief, Defendant willfully removed Miller's photo attribution because Defendant knew it did not have permission to use the Image on Defendant's Website.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

21.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

23.    Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using them in the Infringing Post on Defendant's Website.

24.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

25. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

26. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT**
**MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. On information and belief, Defendant knew that Plaintiff created the Image because, *inter alia*, the source of the Image, i.e. the Post Article, specifically attributed the Image to Plaintiff.

29. Defendant intentionally falsified copyright management information related to the Image with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendant either owned the Image or had legitimately licensed it for use in the Infringing Article.

30. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

31. Defendant's falsification, removal and/or alteration of that copyright

management information was done without Plaintiff's knowledge or authorization.

32.   Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image.

33.   Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

34.   In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For statutory damages against Defendant pursuant to 17 U.S.C. §

7

1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any further infringing use of any of Plaintiff's Image;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an award of pre- and post-judgment interest; and

- For any other relief the Court deems just and proper.

Dated: October 31, 2018                          Respectfully submitted,

                                                 **/s/ Mathew K. Higbee**
                                                 Mathew K. Higbee, Esq.
                                                 Cal. Bar No. 241380
                                                 **HIGBEE & ASSOCIATES**
                                                 1504 Brookhollow Dr., Ste 112
                                                 Santa Ana, CA 92705-5418
                                                 (714) 617-8350
                                                 (714) 597-6559 facsimile
                                                 *Counsel for Plaintiff*

                                                 /s/ **Saba A. Basria**
                                                 Saba A. Basria, Esq.
                                                 Cal. Bar. No. 307594
                                                 **HIGBEE & ASSOCIATES**
                                                 1504 Brookhollow Dr., Ste 112
                                                 Santa Ana, CA 92705-5418
                                                 (714) 617-8350
                                                 (714) 597-6559 facsimile
                                                 *Counsel for Plaintiff*

## DEMAND FOR A JURY TRIAL

Plaintiff, Robert Miller, hereby demands a jury trial in the above matter.

Dated: October 31, 2018                    Respectfully submitted,


**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*


**/s/ Saba A. Basria**
Saba A. Basria, Esq.
Cal. Bar. No. 307594
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 facsimile
*Counsel for Plaintiff*